**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

                                                            **15-CR-98G**

        **-v-**

**VAUGHN OWENS,**

        **Defendant.**

_____

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Frank P. Geraci, Jr., in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report on dispositive motions.

## PRELIMINARY STATEMENT

The defendant, Vaughn Owens ("the defendant"), is charged with a number of co-defendants with having violated Title 21 U.S.C. §846, narcotics conspiracy. Dkt. #1. He has filed a motion wherein he seeks suppression of the use of evidence seized from property he owns at 508 Minnesota Avenue, Buffalo, New York on May 8, 2015. Dkt. #191. The government has filed its opposition to this motion. Dkt. #194.

# FACTS[1]

On May 6, 2015, a sealed indictment was returned by the grand jury charging the defendant, along with a number of co-defendants, with having violated 21 U.S.C. § 846. Dkt. #1. A copy of this sealed indictment was attached as Exhibit C to S.A. Schirching's affidavit sworn to May 7, 2015 in support of the application seeking a search warrant authorizing the search of 508 Minnesota Avenue which was submitted to this Court on May 7, 2015. Upon review of the affidavit and the exhibits attached thereto, this Court issued a search warrant authorizing the search of 508 Minnesota Avenue, Buffalo, New York. See 15-M-41. A search of the premises at 508 Minnesota Avenue was conducted on May 8, 2015 and seized from that premises pursuant to the aforesaid search warrant was the following: A 38 caliber Colt revolver with four rounds in it; one 32 caliber bullet; one 45 caliber bullet; "various other caliber ammunition" found in a backpack; a rifle; a bullet proof vest and $4,700 in U.S. Currency.

# DISCUSSION AND ANALYSIS

The defendant argues that the application in support of the search warrant for 508 Minnesota Avenue "lacked sufficient indicia of probable cause" and therefore the evidence seized from that dwelling should be suppressed. Dkt. #191, p. 13. "In the alternative," he requests that a "Franks hearing based on the incomplete information

---

[1] The facts are taken from the filings in this case including the affidavit of S.A. Schirching of the F.B.I. sworn to May 7, 2015 in support of the application for a search warrant authorizing the search of 508 Minnesota Avenue, Buffalo, New York.

that was presented with a reckless disregard for the truth" be held. Dkt. #191, p. 13. In support of these positions, the defendant asserts that the affidavit of S.A. Schirching sworn to May 7, 2015 contains "boilerplate language about what 'drug dealers' do generally in the distribution of narcotics" and that S.A. Schirching "does not indicate" or include information about the defendant's employment at the Veteran's Administration or that he "was involved in a car accident in January 2015" in which he sustained back injuries or that he was in the military. Dkt. #191, p. 9. The defendant also attacks the interpretation made by S.A. Schirching as to certain intercepted conversations between the defendant and some of the co-defendants in this case. Dkt. #191, pp. 11-13.

All of these contentions of the defendant are without legal merit in his attempt to establish the lack of probable cause for the issuance of the search warrant of May 8, 2015 authorizing the search of the premises at 508 Minnesota Avenue.

The fact that the defendant disagrees with the interpretation of the communications between the defendant and some of the co-defendants by S.A. Schirching is of no support to the defendant's position. The Court of Appeals for the Second Circuit has stated that "training and experience of an agent can be considered in determining whether probable cause exists" to support the issuance of a search warrant. *United States v. Fama*, 758 F.2d 834, 838 (2d Cir. 1985), *cert. denied*, 486 1043 (1987). The sealed indictment attached to S.A. Schirching's affidavit of May 7, 2015 as Exhibit C established a finding of probable cause by a federal grand jury that

3

the defendant, along with other named co-defendants, engaged in an unlawful conspiracy to violate the drug laws of the United States. *See* Dkt. #1.

Therefore, I find that the defendant has failed in his burden to invalidate the search warrant dated May 8, 2015 authorizing the search of the premises located at 508 Minnesota Avenue and recommend that his motion to suppress use of the evidence seized pursuant to that search warrant be denied on this basis.

Furthermore, even if the search warrant of May 7, 2015 was not supported by legal probable cause, suppression of the evidence seized from 508 Minnesota Avenue on May 8, 2015 would not be appropriate under the doctrine espoused in *United States v. Leon*, 468 U.S. 897 (1984). As the Supreme Court stated, "the exclusionary rule is designed to deter police misconduct rather than to punish the errors of judges and magistrates." *Id.* at 916. *See also United States v. Falso*, 544 F.3d 110, 125 (2d Cir. 2008); *United States v. Cancelmo*, 64 F.3d 804, 807-808 (2d Cir. 1995).

The defendant claims that the affidavit of S.A. Schirching sworn to May 7, 2015 failed to contain information relating to the defendant's "purchase of the property [at 508 Minnesota]," "the renovation of the property," "seeing any other individuals who [the defendant] hired to do work" during the process of renovating the house, defendant's employment at the Veteran's Administration as a laundry worker, the defendant's auto accident and injury, the defendant's military service and his suffering from service related post-traumatic stress disorder and his relationships to some of the

co-defendants in this case. As a result, he asserts that these "omissions" were done "with a reckless disregard for the truth" and therefore a *Franks* hearing should be conducted. Dkt. #191, pp. 7-13.

In *Franks v. Delaware*, the United States Supreme Court set forth the following standards for challenging an affidavit supporting a search warrant:

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. . . . Finally, if these requirements are met, and if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required.

438 U.S. 154, 171-72 (1978) (footnote omitted); *see also United States v. Miller*, 116 F.3d 641, 644 (2d Cir. 1997).

Material omissions from an affidavit are governed by the same rules as false statements. *United States v. Campino*, 890 F.2d 588, 592 (2d Cir. 1989), *cert. denied*, 498 U.S. 866 (1990); *United States v. Ferguson*, 758 F.2d 843, 848 (2d Cir.),

5

*cert. denied*, 474 U.S. 1032 (1985); *Rivera v. United States*, 928 F.2d 592, 604 (2d Cir. 1991); *United States v. Reilly*, 76 F.3d 1271 (2d Cir. 1996). Accordingly, "[i]f, after setting aside the allegedly misleading statements or omissions, the affidavit, nonetheless, presents sufficient information to support a finding of probable cause, the district court need not conduct a *Franks* hearing." *United States v. Salameh*, 152 F.3d 88, 113 (2d Cir. 1998), *cert. denied sub nom. Abouhalima v. United States*, 525 U.S. 1112 (1999); *United States v. Canfield,* 212 F.3d 713, 717-718 (2d Cir. 2000).

> Although omissions "are governed by the same rules" as misstatements, United States v. Ferguson, 758 F.2d 843, 848 (2d Cir.1985), "the literal Franks approach [does not] seem[ ] adequate because, by their nature, omissions cannot be deleted"; therefore "[a] better approach ... would be to ... insert the omitted truths revealed at the suppression hearing," United States v. Ippolito, 774 F.2d 1482, 1487 n. 1 (9th Cir.1985). Accordingly, we have held that "[t]he ultimate inquiry is whether, after putting aside erroneous information and [correcting] material omissions, there remains a residue of independent and lawful information sufficient to support [a finding of] probable cause [or necessity]." Canfield, 212 F.3d at 718 (internal quotation marks omitted); see also United States v. Martin, 615 F.2d 318, 328 (5th Cir.1980) ("[W]e [are] required to determine whether, if the omitted material had been included in the affidavit, the affidavit would still establish probable cause [or necessity].... If it would not, we would be required to void the warrant and suppress the evidence seized pursuant to it."). 146

*United States v. Rajaratnam*, 719 F.3d 139, 154 (2d Cir. 2013).

None of the alleged "omissions" cited by the defendant in any way relate to or diminish in any way the finding of probable cause for the issuance of the search

6

warrant of May 8, 2015 authorizing the search of 508 Minnesota. So, by including these "omissions" in the affidavit of S.A. Schirching sworn to May 7, 2015, such inclusion in no way effects the validity of the finding of probable cause for the issuance of the warrant. Therefore, the defendant is not entitled to a *Franks* hearing on the issue and his motion for such hearing is denied.

This Report, Recommendation, and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statue, Federal Rule of Criminal Procedure 59(b)(2) and Local Rule of Criminal Procedure 59(c)(2).

The parties are reminded that, pursuant to Rule 59 of the Local Rules of Criminal Procedure for the Western District of New York, "written objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection, and shall be supported by legal authority." **Failure to comply with the provisions of Local Rule 59 may result in the District Judge's refusal to consider the objection**.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to

the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988). Local Rule 59(c)(3) mandates that "[a]ny party filing objections to a Magistrate Judge's order or recommended disposition must include with the objections to the District Judge a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge."

DATED: November 8, 2017
             Buffalo, New York

                                      *S/ H. Kenneth Schroeder, Jr.*
                                      **H. KENNETH SCHROEDER, JR.**
                                      **United States Magistrate Judge**