UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

Case # 15-CR-00098-FPG-HKS-11

DECISION AND ORDER

VAUGHN OWENS,

                Defendant.

## INTRODUCTION

Defendant Vaughn Owens is charged, along with a number of co-defendants, in one count of the Indictment with narcotics conspiracy in violation of 21 U.S.C. § 846. *See* ECF No. 1. By Order dated May 6, 2015, this case was referred to United States Magistrate Judge H. Kenneth Schroeder pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (b)(1)(B). Defendant moved to suppress physical evidence confiscated by law enforcement officials pursuant to the execution of a search warrant at his home on May 8, 2015. ECF No. 191 at 6.

The basis of Defendant's motion to suppress physical evidence is that the search warrant for Defendant's home "lacked sufficient indicia of probable cause." ECF No. 191 at 13. In the alternative, Defendant requested that a "*Franks* hearing based on the incomplete information that was presented with a reckless disregard for the truth" be held. *Id.* In support of these positions, Defendant asserts that S.A. Schirching's search warrant affidavit contained "boilerplate language about what 'drug dealers' do generally in the distribution of narcotics" and that the affidavit wrongfully omits that Defendant serves in the military, worked at the Veteran's Administration, and was involved in a car accident in January of 2015. Defendant also disagrees with S.A. Schirching's interpretation of communications between Defendant and some of his co-defendants.

On November 8, 2017, Magistrate Judge Schroeder issued his Report and Recommendation on Defendant's motion, ECF No. 262, which recommended denying

Defendant's suppression motion. Citing Second Circuit precedent, Magistrate Judge Schroeder deferred to the training and experience of S.A. Schirching in determining that probable cause to search Defendant's home existed. *Id.* at 3. Additionally, Magistrate Judge Schroeder determined that the sealed indictment attached to S.A. Schirching's affidavit "established a finding of probable cause by a federal grand jury that the [D]efendant . . . engaged in an unlawful conspiracy to violate the drug laws of the United States." *Id.* at 4.

Magistrate Judge Schroeder also denied the alternative request for a *Franks* hearing, writing that the alleged "omissions" cited by Defendant, including that he served in the military, do not "in any way relate to or diminish in any way the finding of probable cause for the issuance of the search warrant of May 8, 2015 authorizing the search of" Defendant's home. No objections have been filed to Magistrate Judge Schroeder's Report and Recommendation, and the time to do so has now expired.

**LEGAL STANDARD**

In reviewing a Report and Recommendation, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When no objections are filed, this Court is not required to conduct a *de novo* review of a magistrate judge's Report and Recommendation. *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) ("We have adopted the rule that failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.").

## DISCUSSION

In his Report and Recommendation, Magistrate Judge Schroeder reminded the parties that, pursuant to Rule 59 of the Local Rules of Criminal Procedure for the Western District of New York, they had 14 days to file written objections to the Report and Recommendation. ECF No. 262 at 7. Magistrate Judge Schroeder warned that **"[f]ailure to comply with the provisions of Local Rule 59 may result in the District Judge's refusal to consider the objection**." *Id.* (emphasis in original). Since no objections have been filed, the Court may accept and adopt the Report and Recommendation in its entirety without further judicial review. However, the Court has nonetheless undertaken a "clear error" review of Judge Schroeder's Report and Recommendation.[1] Under this standard, the Court is permitted "to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous." *Batista v. Walker*, No. 94 CIV. 2826 (SS), 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995).

The Court has reviewed Judge Schroeder's Report and Recommendation and does not find any portion of it to be "facially erroneous." Thus the Court finds no clear error in Judge Schroeder's recommendations that Defendant's motion to suppress physical evidence be denied and adopts them accordingly.

## CONCLUSION

The Court accepts and adopts the Report and Recommendation filed by United States Magistrate Judge H. Kenneth Schroeder, ECF No. 262, in its entirety, and Defendant's motion, ECF No. 191, is denied in all respects.

---

[1] The "clear error" review standard applies to the portions of a Report and Recommendation that a party does not object to when the party does object to some portion of the Report and Recommendation, or when a party's objections are conclusory, general, or without legal support. *See United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009) (citing *Cullen v. United States*, 194 F.3d 401, 405-07 (2d Cir. 1999)); *see also* Fed. R. Crim. P. 59(b)(2); Loc. R. Crim. P. 59(c)(2).

IT IS SO ORDERED.

DATED: December 4, 2017
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court